IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**V.**                      **CASE NO. 5:17-CR-50071-TLB-001**

**ELISEO ALVAREZ, JR.**                                                    **DEFENDANT**

## OPINION AND ORDER

Before the Court is Defendant Eliseo Alvarez, Jr.'s Motion for Reconsideration (Doc. 45). The Government has filed a Response (Doc. 48), and the Motion is ripe for consideration. For the reasons explained below, the Court **DENIES** the Motion.

### I. BACKGROUND

Mr. Alvarez pleaded guilty to one count of knowingly and intentionally distributing 50 grams or more of actual methamphetamine. On June 6, 2018, the Court sentenced Mr. Alvarez to 120 months of imprisonment, a 5-year term of supervised release, a $1,900 fine, and a $100 special assessment. On November 30, 2020, Mr. Alvarez filed a *pro se* Motion, seeking "a reduction of sentence . . . under the First Step Act." (Doc. 42, p. 1). He sought early termination of his sentence on the basis that the Bureau of Prisons ("BOP") had failed to implement effective procedures to mitigate the spread of COVID-19. The Court construed this Motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and denied it because Mr. Alvarez failed to demonstrate that he had exhausted his remedies as required under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 44. Mr. Alvarez then filed the present Motion seeking reconsideration, asserting that he did indeed exhaust his administrative remedies. The Court therefore treats this Motion as a renewed request for compassionate release.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Alvarez's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Alvarez asserts—and the Government presents proof—that he requested compassionate release from his warden and was denied such release in September 2020. (Doc. 47, p. 52). Since more than 30 days have lapsed since Mr. Alvarez requested compassionate release, the Court finds that he has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Circumstances

Unfortunately for Mr. Alvarez, he does not have any medical conditions that rise to the level of an extraordinary and compelling reason for his early release. He is 31 years old, and his only medical conditions are a broken tooth and dermatitis. See Doc. 47, p. 22. There is no evidence to suggest that he is suffering from any conditions that substantially diminish his ability to provide self-care in the context of a correctional facility. Thus, at this time, the Court finds that Mr. Alvarez has failed to show extraordinary and compelling reasons justifying his release.

### C. Section 3553(a) Factors

Even if Mr. Alvarez were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set

forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The Court considers a number of such factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendants;" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D).

All of these factors weigh against a sentence reduction. Mr. Alvarez's Guideline range was 188 to 235 months of imprisonment. The Court granted a considerable downward variance, ultimately sentencing him to 120 months' imprisonment. The Court notes that it granted this variance in spite of the fact that he was held responsible for approximately 1.3 kilograms of actual methamphetamine. Moreover, counting from the date of his original arrest, he has only served 30 months of his 120-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Alvarez to complete his prison sentence in 30 months would create a significant disparity with other defendants who have been held responsible for similarly large quantities of methamphetamine. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 120 months is just and fair under the totality of the circumstances.

For these reasons, even if Mr. Alvarez had demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release.[1]

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Eliseo Alvarez Jr.'s *pro se* Motion for Reconsideration (Doc. 45) is **DENIED**.

**IT IS SO ORDERED** on this 8th day of June, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Alvarez asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where he serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).